IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Andrew Plummer, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> Warden Tim Riley, et al., ) <br> ) <br> Defendants. ) <br> ) | Civil Action No.2:12-03412-TLW-BHH <br><br> **REPORT AND RECOMMENDATION** <br> **OF MAGISTRATE JUDGE** |

The Plaintiff, a state prisoner proceeding *pro se*, brought this action pursuant to Title 42, United States Code, Section 1983. This matter is before the Court upon three motions filed by the Plaintiff: (a) Motion for Temporary Restraining Order (Dkt. No. 18); (b) Motion for Preliminary Injunction (Dkt. No. 26); and (c) second Motion for Preliminary Injunction (Dkt. No. 36).

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1) and Local Rule 73.02(B)(2)(e), D.S.C., all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate for consideration.

The Plaintiff brought this action on or about November 21, 2012. (See Dkt. No. 1.) Plaintiff filed a Motion for Temporary Restraining Order (Dkt. No. 18) on or about January 25, 2013, before the undersigned issued an order authorizing service of process. (Dkt. No. 18; see also Dkt. No. 20.) Before any Defendant answered, Plaintiff filed a Motion for Preliminary Injunction. (Dkt. No. 26.) Defendants filed a Response in Opposition to both motions on April 11, 2013. (Dkt. No. 32.) On or about April 11, 2013, Plaintiff filed his second Motion for Preliminary Injunction. (Dkt. No. 36.) Defendants filed a Response to Plaintiff's Second Motion for Preliminary Injunction on May 2, 2013. (Dkt. No. 39.)

In Plaintiff's Motion for Temporary Restraining Order, Plaintiff requests a restraining order against the following: Warden Tom Riley, Captain B. Tucker, Mental Health V. Hooks,

ICG Ms. Lecompt, Mailroom Mr. Crider, Tyger River Corrections, and Kershaw Correctional. (See Dkt. No. 18 at 1 of 3.) In his motion, it appears Plaintiff seeks this Court to order the South Carolina Department of Corrections ("SCDC") to transfer him to Gilliam Psychiatric Hospital, another facility of SCDC. (Dkt. No. 18 at 2 of 3.) In what appears to be a proposed order, however, Plaintiff appears to seek different relief. (See Dkt. No. 18-2.) In the proposed order, Plaintiff seeks an order restraining "harassment, planting of contraband etc., threatening, [and] retaliation," as well as an order restraining the identified parties from "the monitoring, supervising, housing at facility, handling of legal mail, grievances, personal mail, cell searching against policy, [and] handling legal material." (Dkt. No. 18-2.) Plaintiff contends that his cell has been searched numerous times in violation of SCDC policy, and that several of his grievances have been "unprocessed . . . in Plaintiff's belief that Ms. Lecompt was attempting to cover up for fellow co-workers." (Dkt. No. 18 at 1 of 3.)

In his Motion for Preliminary Injunction (Dkt. No. 26), Plaintiff requests the Court to order Tyger River Corrections "be forced . . . to render the Plaintiff treatment of eyeglasses," as he has 20/40 vision, causing him to "write too small." (Dkt. No. 26 at 1 of 3.) He also seeks an order requiring SCDC to "upgrade its law library computer system"; he asserts that he only has access to South Carolina case law once the law books were removed. (Id.) He also asks this Court to order Defendants to provide inmates with "chairs to sit in while on [the] computer for legal research" as well as a minimum of six hours on the computer to research case law. (Id.) Plaintiff asks this Court to order that Defendant Tucker "be removed from supervising the law library computer and legal material" because Tucker is "using such as a method/tool to retaliate against Plaintiff by refusing Plaintiff access to law materials." (Id.) Plaintiff also seeks this Court to order that Tucker "be removed from handling Plaintiff's personal mail as Captain Tucker has threatened to tamper with destroy and throw away Plaintiff's personal and legal mail," and has brought Plaintiff's legal mail to his cell already

opened. (Id.) Finally, Plaintiff asks the Court to "enforce [SCDC] policy GA-01.03 against Tyger River Corrections"; Plaintiff complains that, no matter how many cases an inmate has pending, inmates in the Special Management Unit ("SMU") are only being given eight sheets of legal paper, one legal envelope, and one pen. (Id. at 2 of 3.)

In his second Motion for Preliminary Injunction (Dkt. No. 36), Plaintiff contends his previously filed Motion for Temporary Restraining Order (Dkt. No. 18) should be granted because Defendants did not timely file a Response in Opposition to his motion. (See Dkt. No. 36.)

Defendants did, however, file a Response in Opposition to all three motions. (See Dkt. No. 32; Dkt. No. 39.) Defendants contend, *inter alia*, that the relief requested in Plaintiff's motions "mirror[s] the claims being asserted by Plaintiff in his Complaint, in which he also seeks injunctive relief." (Dkt. No. 32-1 at 3.) Defendants assert that Plaintiff has not met the standard for a preliminary injunction." (Id.) Defendants state,

> [T]he Court cannot issue injunctions or restraining orders based on such unsubstantiated claims, which plaintiff will be able to fully litigate and have resolved in his underlying action. . . . Further, the Court cannot assume for purposes of plaintiff's motions that the defendants are engaging in unlawful acts, nor is it appropriate for the Court to issue an order enjoining the defendants from engaging in activity which they have denied they are engaging in in the first place. Hence, plaintiff has demonstrated neither the clear likelihood of irreparable harm to him if the injunction is not granted, nor has he demonstrated a clear likelihood that he will succeed on the merits sufficient to justify the issuance of an injunction.

(Id.)

Traditionally, a preliminary injunction "protect[s] the status quo . . . to prevent irreparable harm during the pendency of a lawsuit ultimately to preserve the court's ability to render a meaningful judgment on the merits." In re Microsoft Corp. Antitrust Litigation, 333 F.3d 517, 525 (4th Cir. 2003) (abrogated on other grounds by eBay, Inc. v. MercExchange, L.L.C., 547 U.S. 388 (2006)). In contrast, mandatory preliminary injunctions

"generally do not preserve the status quo and normally should be granted only in those circumstances when the exigencies of the situation demand such relief." Id. at 526 (quoting Wetzel v. Edwards, 635 F.2d 283, 286 (4th Cir. 1980)). "[A] mandatory preliminary injunction must be necessary both to protect against irreparable harm in a deteriorating circumstance created by the defendant and to preserve the court's ability to enter ultimate relief on the merits of the same kind." Id. A preliminary injunction is "an extraordinary remedy never awarded as of right." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 24 (2008). To obtain a temporary restraining order ("TRO") or preliminary injunction, a plaintiff must show:

> (1) that he is likely to succeed on the merits,
>
> (2) that he is likely to suffer irreparable harm in the absence of preliminary relief,
>
> (3) that the balance of equities tips in his favor, and
>
> (4) that an injunction is in the public interest.

Id. at 20.

The undersigned recommends denying Plaintiff's Motion for Temporary Restraining Order (Dkt. No. 18), Motion for Preliminary Injunction (Dkt. No. 26), second Motion for Preliminary Injunction (Dkt. No. 36). In Taylor v. Freeman, 34 F.3d 266 (4th Cir. 1994), the Fourth Circuit considered a district court's issuance of a mandatory injunction ordering prison officials to take specific actions–related to decreasing the inmate population at North Carolina's Morrison Youth Institution–by certain dates. See Taylor, 34 F.3d 266. Vacating the district court's order, the Fourth Circuit stated,

> It is well established that absent the most extraordinary circumstances, federal courts are not to immerse themselves in the management of state prisons or substitute their judgment for that of the trained penological authorities charged with the administration of such facilities. As the District of Columbia Circuit observed in Inmates of Occoquan v. Barry, 844 F.2d 828 (D.C.Cir.1988), "in carrying out their remedial task, courts are not to be in the business of running prisons. The cases make it plain that questions of prison

4

>administration are to be left to the discretion of prison administrators." Id. at 841 . . . .

Taylor, 34 F.3d at 268. The Fourth Circuit further cautioned that "[e]ven when there has been a finding on the merits that unconstitutional conditions exist, federal courts should proceed cautiously and incrementally in ordering remediation so as not to assume the role of prison administrators." Id. at 269.

Although Taylor involved the overcrowding of prisons, the teachings are applicable, as there is a clear comity concern in the instant case. See Taylor, 34 F.3d at 268-69; see also Preiser v. Rodriguez, 411 U.S. 475, 491-92 (1973). As noted in Winter, a preliminary injunction is "an extraordinary remedy never awarded as of right." Winter, 555 U.S. at 24. Furthermore, a plaintiff seeking injunctive relief must show that all four of the Winter factors support granting relief. See Winter, 555 U.S. at 20; see also Direx Israel, Ltd. v. Breakthrough Med. Corp., 952 F.2d 802, 812 (4th Cir. 1991) (noting that the plaintiff "bears the burden of establishing that each of these factors supports granting the injunction" (quoting Technical Publishing Co. v. Lebhar-Friedman, Inc., 729 F.2d 1136, 1139 (7th Cir. 1984))).

Plaintiff's motions should be denied because he has not shown that all four of the Winter factors support granting relief. Although Plaintiff states that he will suffer irreparable harm if an injunction is not issued, Plaintiff has not explained how any of these circumstances are irreparable. See Wallace v. S.C. Dep't of Corrs., No. 3:07-271-HMH-JRM, 2007 WL 1068236, at *4 (D.S.C. Mar. 29, 2007). Indeed, as noted in Wallace, "[t]he concerns raised by Plaintiff are common issues brought in civil rights actions under 42 U.S.C. § 1983." Id. Nor has Plaintiff made showing that he is likely to succeed on the merits; as noted by Defendants, they have denied the conduct of which Plaintiff complains. Because Plaintiff has not shown that all four Winter factors support granting his

motions, the undersigned recommends denying Plaintiff's Motion for Temporary Restraining Order (Dkt. No. 18), Motion for Preliminary Injunction (Dkt. No. 26), second Motion for Preliminary Injunction (Dkt. No. 36).

## **CONCLUSION**

Wherefore, it is RECOMMENDED that the following motions be DENIED: Plaintiff's Motion for Temporary Restraining Order (Dkt. No. 18), Plaintiff's Motion for Preliminary Injunction (Dkt. No. 26), Plaintiff's second Motion for Preliminary Injunction (Dkt. No. 36).

IT IS SO RECOMMENDED.

s/Bruce Howe Hendricks
United States Magistrate Judge

July 15, 2013
Charleston, South Carolina

**The plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).