IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Andrew Plummer, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | C/A No.: 2:12-cv-03412-TLW-BHH |
| ) | |
| Warden Tim Riley; et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**ORDER**

Plaintiff, Andrew Plummer ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, filed this action pursuant to 42 U.S.C. § 1983 on December 3, 2012 challenging various conditions of his confinement at Tyger River Correctional Institute, including alleged wrongful restrictions on his First Amendment rights, among other things. (Doc. #1; Doc. #25).

Plaintiff filed a Motion for Temporary Restraining Order on January 28, 2013. (Doc. #18). In his motion for temporary restraining order, Plaintiff alleges, among other things, that the Defendants failed to process Plaintiff's grievances and searched Plaintiff's cell, both of which Plaintiff alleges were done in violation of the South Carolina Department of Corrections ("SCDC") policies. (See Doc. #18). In his motion for temporary restraining order, Plaintiff requests injunctive relief, including that he be transferred to Gilliam Psychiatric Hospital, another facility of SCDC. (See Doc. #18). On April 11, 2013, the Defendants filed a Response opposing Plaintiff's first motion for temporary restraining order. (Doc. #32). On April 24, 2013, Plaintiff filed a Reply to Defendants' response. (Doc. #38).

1

On March 25, 2013, Plaintiff filed his first Motion for Preliminary Injunction. (Doc. #26). In his motion, plaintiff requests this Court to direct the SCDC Medical Department to provide Plaintiff with eyeglasses and provide Plaintiff and other inmates with adequate legal supplies and access to adequate law library materials, as well as other relief. (Doc. #26).

On April 15, 2013, Plaintiff filed his second Motion for Preliminary Injunction. (Doc. #36). On May 2, 2013, Defendants filed a Response opposing Plaintiff's second motion for preliminary injunction. (Doc. #39).

This matter now comes before the Court for review of the Report and Recommendation ("the Report") issued on July 15, 2013 by United States Magistrate Judge Bruce Howe Hendricks, to whom this case was previously assigned pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). (Doc. #62). In the Report, the Magistrate Judge recommends that this Court deny Plaintiff's Motion for Temporary Restraining Order (Doc. #18), Plaintiff's first Motion for Preliminary Injunction (Doc. #26), and Plaintiff's second Motion for Preliminary Injunction (Doc. #36). The Plaintiff filed Objections to the Report and Recommendation on August 5, 2013. (Doc. #66).

This Court is charged with conducting a de novo review of any portion of the Magistrate Judge's Report to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636. In conducting this review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections. . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate

2

> judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

Wallace v. Housing Auth. of the City of Columbia, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of this standard, the Court has carefully reviewed, de novo, the Report and Recommendation and the Plaintiff's Objections thereto. After careful review and for the reasons explained below, this Court accepts the Magistrate Judge's Report and Recommendation (Doc. #62).

The Court notes that the Plaintiff seeks injunctive relief in the form of a temporary restraining order and preliminary injunctions. Injunctive relief is an extraordinary remedy "involving the exercise of very far-reaching power" and should "be granted only sparingly and in limited circumstances." Sun Microsystems, Inc. v. Microsoft Corp., 333 F.3d 517, 524 (4th Cir. 2003), abrogated on other grounds by eBay, Inc. v. MercExchange, LLC, 547 U.S. 388 (2006).

A Plaintiff seeking either a temporary restraining order or a preliminary injunction must establish each of the following elements: (1) the likelihood that the Plaintiff will succeed on the merits; (2) the likelihood of irreparable harm to the Plaintiff if the injunction is not granted; (3) that the balance of equities tips in his or her favor; and (4) that the injunction is in the public interest. Winter v. Natural Res. Defense Council, Inc., 555 U.S. 7, 19–20 (2008); The Real Truth About Obama, Inc. v. Fed. Election Comm'n, 575 F.3d 342, 346–47 (4th Cir. 2009), overruling Blackwelder Furniture Co. of Statesville v. Seilig Mfg. Co., 550 F.2d 189 (4th Cir. 1977). Moreover, a Plaintiff must demonstrate more than the mere possibility of irreparable harm as injunctive relief is an extraordinary remedy that may only be awarded upon a clear

showing that the Plaintiff is entitled to such relief. See Real Truth, 575 F.3d at 346 (citing Winter, 555 U.S. at 19–22).

After careful consideration, this Court agrees with the Magistrate Judge's analysis as outlined in the Report and thus finds that Plaintiff failed to establish all of the Winter elements required for the issuance of the temporary restraining order or preliminary injunctions sought.

Therefore, after careful review, **IT IS ORDERED** that the Magistrate Judge's Report and Recommendation (Doc. #62) be, and hereby is, **ACCEPTED** and Plaintiff's Objections (Doc. #66) be, and hereby are, **OVERRULED.**

Accordingly, for the reasons articulated by the Magistrate Judge, Plaintiff's Motion for Temporary Restraining Order (Doc. #18), Plaintiff's first Motion for Preliminary Injunction (Doc. #26), and Plaintiff's second Motion for Preliminary Injunction (Doc. #36) are hereby **DENIED**.

**IT IS SO ORDERED.**

s/ Terry L. Wooten  
Terry L. Wooten  
Chief United States District Judge

August 15, 2013  
Columbia, South Carolina