IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Andrew Plummer, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | C/A No.: 2:12-cv-03412-TLW |
| ) | |
| Warden Tim Riley; et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**ORDER**

Plaintiff, Andrew Plummer ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, filed this action pursuant to 42 U.S.C. § 1983 on or about November 21, 2012, challenging various conditions of his confinement at Tyger River Correctional Institute, including alleged wrongful restrictions on his First Amendment rights, among other things. (Doc. #1; Doc. #25).

Defendants filed a Motion for Summary Judgment on August 5, 2013. (Doc. #70). Plaintiff filed a Response opposing Defendants' motion on or about August 21, 2013. (Doc. #77). Defendants then filed a Reply to Plaintiff's Response, to which Plaintiff filed a Sur-Reply. (Docs. #87; 88).

This matter now comes before the Court for review of the Report and Recommendation ("the Report") issued on February 26, 2014 by United States Magistrate Judge Bruce Howe Hendricks, to whom this case was previously assigned pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). (Doc. #93). In the Report, the Magistrate Judge recommends that this Court grant in part and deny in part Defendants' Motion for Summary Judgment (Doc. #93).

The Plaintiff filed Objections to the Report on or about March 17, 2014. (Doc. #96). The Defendants did not respond to the Magistrate Judge's Report recommending partial denial of

Defendants' motion for summary judgment.  The deadline for the parties to file Objections to the Report expired on March 17, 2014.  (See Doc. #93).

This Court is charged with conducting a de novo review of any portion of the Magistrate Judge's Report to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report.  28 U.S.C. § 636.  In conducting this review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections. . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination.  The Court is required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made.  However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the Report and Recommendation to which no objections are addressed.  While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

Wallace v. Housing Auth. of the City of Columbia, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of this standard, the Court has carefully reviewed, de novo, the Magistrate Judge's Report and Recommendation, the Plaintiff's Objections, and all other relevant filings in this matter.  After careful consideration, **IT IS ORDERED** that the Report and Recommendation (Doc. #93) is **ACCEPTED** in substantial part.

Accordingly, **IT IS ORDERED** that Defendants' Motion for Summary Judgment (Doc. #70) is **GRANTED IN PART** and **DENIED IN PART**, as explained hereupon.

For the reasons articulated by the Magistrate Judge, Defendants' motion for summary judgment (Doc. #70) is denied with respect to the following claims: (1) Plaintiff's First Amendment Free Exercise of Religion claims; (2) Plaintiff's claims pursuant to the Religious

Land Use and Institutionalized Persons Act of 2000 (RLUIPA), 42 U.S.C. §§ 2000cc, *et seq.*; and (3) Plaintiff's claims related to his non-legal mail.  Additionally, after careful consideration of all relevant filings and the record in this matter, Defendants' motion for summary judgment is further denied with respect to the following claim: (4) Plaintiff's claim relating to retaliation by Chaplain Potoka.  After careful consideration, this Court concludes that, based on the record in this matter as it presently stands and in light of the close connection between Plaintiff's claim of retaliation and the First Amendment Free Exercise of Religion and RLUIPA claims, Plaintiff's claim of retaliation by Chaplain Potoka should survive summary judgment.  The Court reiterates that Plaintiff's claims relating to retaliation by Chaplain Potoka are closely linked to Plaintiff's religious claims, which the Report recommended survive summary judgment.

Moreover, for the reasons articulated by the Magistrate Judge, Defendants' motion for summary judgment (Doc. #70) is granted with respect to all other claims.

In light of this Court's acceptance of the Magistrate Judge's Report and Recommendation resulting in certain claims surviving summary judgment, the Magistrate Judge is hereby directed: (i) to seek to obtain written Consent from all parties to conduct all proceedings in this matter, including trial, before the Magistrate Judge; (ii) as the next stage in this matter, absent settlement, is trial, to enter a Scheduling Order in the above-captioned action; and (iii) to appoint counsel to represent the Plaintiff should the case proceed to trial pursuant to the District Court process relating to payment of costs and expenses.

**IT IS SO ORDERED.**

s/ Terry L. Wooten
Terry L. Wooten
Chief United States District Judge

March 26, 2014
Columbia, South Carolina

3